■ In the Matter of RAYMOND A. MACCAGLI, Respondent, v. MARION D. WEBER, Appellant.— In a proceeding to modify a judgment of divorce granted by the Supreme Court, Nassau County, on October 12, 1972, so as to reduce the award of child support therein, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Nassau County, entered November 13, 1973, after a hearing, as reduced the award from a total of $600 per month to $400 per month. Order reversed insofar as appealed from, on the facts, without costs, and petition dismissed on the merits. The downward modification of child support from a total of $600 to $400 a month was directed on the basis of alleged change of circumstances due to decrease in respondent's earnings from about $25,000 on October 12, 1972, the date of the judgment of divorce, to $18,892 on November 2, 1973, the date of the hearing in the Family Court. This decrease of earnings was occasioned by the fact that respondent relinquished the two jobs he had for a position in the Commack school system so that he would have the time to pursue an advanced degree (which will eventually lead to an increase in earnings). In view of other factors present in this case, we need not decide whether lesser earnings resulting from partial substitution of study-hours for work-hours, in an effort to upgrade position and ultimate salary, may be a proper ground for downward modification of child support (cf. *Matter of Sullivan* v. *Sullivan*, 55 Misc 2d 691, affd. 29 A D 2d 739). In our opinion, the following facts outweigh respondent's lesser earnings: (1) the appellant former wife has remarried, resulting in a saving to respondent of $300 per month (the amount awarded as alimony in the divorce judgment); (2) if this $3,600 a year " saving " is added to the $18,892 earned by respondent at the time of the modification hearing, the difference between the total thereof and respondent's earnings on October 12, 1972, the date of the divorce judgment, is narrowed to $2,508; (3) respondent's earnings will almost undoubtedly increase because of cost-of-living increases generally granted to teachers and because of his advanced degree; and (4) on January 8, 1972, the time of the execution of the parties' separation agreement (whose terms, unmerged, were incorporated in the divorce decree), respondent's earnings — which apparently were a salient factor as to the amount of child support provided for in the agreement — were $21,500,

which is $992 *less* than the total of his earnings at the time of the hearing as adjusted with the addition of the $3,600 savings occasioned by appellant's remarriage. In view of these counterbalancing factors, it is our opinion that respondent's application should have been denied. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.